UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO: _____

TIMIL ON, LLC, a Florida limited
liability company,

    Plaintiff,

vs.

PANDA CONSERVATION GROUP,
LLC, a Texas limited liability company,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

Plaintiff TIMIL ON, LLC, a Florida limited liability company ("Timil" or "Plaintiff"), sues Defendant PANDA CONSERVATION GROUP, LLC, a Texas limited liability company ("Panda" or "Defendant"), and alleges the following:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for declaratory relief and monetary damages against Panda seeking a declaration that no "Terminating Event" (as that term is defined in Panda's Operating Agreement) occurred, that Plaintiff is still a member of Panda and that Plaintiff is entitled to the distribution that was due in December 2020, along with all subsequent distributions. Plaintiff also seeks monetary damages because Panda breached its Operating Agreement by improperly declaring that a Terminating Event occurred and that Plaintiff was no longer a member of Defendant, and by failing to pay Plaintiff distributions that were due in December 2020 and all subsequent distributions.

1

## PARTIES

2. Plaintiff TIMIL ON, LLC is a Florida limited liability company that maintains a principal address in Palm Beach County, Florida.

3. Defendant PANDA CONSERVATION GROUP, LLC is a Texas limited liability company that maintains a principal address in Dallas County, Texas.

## JURISDICTION AND VENUE

4. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

5. This Court has personal jurisdiction over Defendant pursuant to Florida Statutes § 48.193(1)(a)(7) because Defendant breached a contract in this State by (a) failing to make certain distributions, which were to be made to Plaintiff in Florida; and (b) sending the Notice of Withdrawal letter to Plaintiff in Florida, which improperly purported to involuntarily terminate Plaintiff's rights in Panda.

6. Venue in the Southern District of Florida is proper pursuant to 28 U.S.C. § 1391(b)(2), as the acts and omissions giving rise to the causes of action alleged herein occurred in this District and the injuries alleged herein occurred in this District.

## GENERAL ALLEGATIONS

7. Timil and Panda are both parties to the Amended & Restated Company Agreement (the "Agreement"), dated January 1, 2020, which governs the ownership and operation of Panda. A true and correct copy of the Agreement is attached hereto as ***Exhibit "A."***

8. The Agreement is governed by Texas law. See Agreement, § 16.2.

9. Pursuant to the Agreement, Timil is a member of Panda and holds a 24.67% interest therein. See Agreement, § 9.1 & Ex. A thereto.[1]

10. On November 24, 2020, the Parties entered into a Company Agreement Updated (the "Update"), which updated the ownership interests of some of Panda's members. A true and correct copy of the Update is attached hereto as **Exhibit "B."** The Update did not affect Timil's ownership interest, which remained 24.67%.[2]

11. On December 10, 2020, Panda made a large distribution to its members.

12. However, Panda failed to make any distribution to Timil, and Timil inquired as to why it did not receive its share of this distribution.

13. On December 21, 2020, Panda, through its managers, responded by sending a Notice of Withdrawal (the "Notice") to Timil, pursuant to Section 9.05 of the Agreement. In the Notice, Panda claimed that a Terminating Event had (conveniently) occurred on December 8, 2020 and this event constituted notice that Timil was withdrawing as a member of Panda, and offering to sell its interests in Panda, as of that date. A true and correct copy of the Notice is attached hereto as **Exhibit "C."**

14. Section 9.5 of the Agreement provides, in relevant part, as follows:

Upon the occurrence of a Terminating Event with regards to a Member, the Member subject to the Terminating Event shall be deemed as of the date of occurrence of such Terminating Event to request to withdraw, and to have made an offer to sell all of the Interests of such Member in the Company based on the terms hereinafter provided, first to or for the benefit of the other Members in the Company, and then any remaining Interests to the Company. Upon such an occurrence, the Managers shall provide notice of such withdrawal to the then existing Members, such notice providing for the Percentage Interest offered for sale . . . .

---

[1] Section 9.1 of the Agreement states that the membership interests are set forth in Exhibit B of the Agreement, but they are set forth on Exhibit A.
[2] The Update incorrectly set forth Timil's name as "Timil On, LP" instead of Timil On, LLC"; however this was a drafting error on the part of Panda and was not intended to alter Timil's rights in any way.

15. The Agreement defines a Terminating Event to mean any of the following: (a) that a Member or Manager "neglect[ed] . . . his or her duties to [Panda] as expressly set forth in this Agreement to the extent the same causes a material harm to [Panda]"; (b) that a "Member or Manager [engaged in] fraud or dishonesty as expressly set forth in this Agreement to the extent the same causes a material harm to [Panda]"; or (c) that a party breached the non-solicitation provision of the Agreement. See Agreement, Ex. B.

16. The Notice failed to specify what Timil allegedly did that would constitute a Terminating Event, as that term is defined in the Agreement. In fact, the Notice is devoid of any explanation or factual basis related to the alleged Terminating Event.

17. Timil has not neglected any duties to Panda, nor has Timil engaged in any fraud or dishonesty. Similarly, Timil has not engaged in any action that would constitute a breach of the non-solicitation provision of the Agreement.

18. As such, Timil maintains that no Terminating Event occurred and Timil is therefore still a member of Panda and entitled to its pro rata share of any distributions Panda makes.

19. Specifically, Section 6.1 of the Agreement provides as follows:

   a. All income, gains, losses deductions and credits for the Company shall be allocated to, borne by and be the responsibility of the Members in accordance with their respective Distribution Percentage as described in this Article VI.

   b. All items of income, gain, loss, deduction and credit allocable to any Interest that may have been Transferred shall be allocated between the transferor and the transferee based on the portion of the calendar year during which each was recognized as owning that Interest, without regard to the results of the Company operations during any particular portion of that calendar year and without regard to whether cash distributions were made to the transferor or the transferee during that calendar year; provided, however, that this allocation must be made in accordance with a method permissible under Section 706 of Code and the regulations thereunder.

20. And Section 6.2 of the Agreement provides that "At the end of each fiscal year of the Company, income, gain, loss, deduction and credits (or items thereof) shall be determined for the according period then ending and shall be allocated to the Members in accordance with Section 6.1 hereof."

21. Panda's fiscal year ended on December 31, 2020. See Agreement, § 7.5 (providing that fiscal year was the calendar year). As such, Panda's year end distributions for 2020 were due by December 31, 2020.

22. Section 6.3 of the Agreement also provides that distributions of "Net Cash From Operations shall be distributed to the Members by the Managers at such times as determined in the discretion of the Managers . . ."

23. Because Panda had taken the position that Timil had withdrawn as a member as of December 8, 2020, Panda failed to pay Timil its share of any distributions made after December 8, 2020. Specifically, Panda made a distribution to its members on or about December 10, 2020, but never paid Timil its pro rata share, which share amounted to Six Hundred and Eighty-Eight Thousand Dollars ($688,000.00) (the "December 10th Distribution").

24. On December 30, 2020, Timil, through counsel, sent a letter to Panda and its managers responding to the Notice (the "Response"). In the Response, Timil disputed the Notice and made clear that no Terminating Event had occurred, that Timil had not withdrawn from Panda and that Timil had no intention of withdrawing from Panda. Timil also noted that Panda had failed to provide Timil with the December Distribution and demanded that Panda do so.

25. Panda never responded to the Response.

26. Upon information and belief, Defendant has made at least two (2) additional distributions after the December 10th Distribution (the "Recent Distributions") and has failed to

provide Timil with its pro rata share of same. Timil's pro rata share of the Recent Distributions is 24.67% of each distribution. See Agreement, § 6.3 and Ex. B, thereto (defining "Distribution Percentage").

27. All conditions precedent to the filing of this lawsuit have been satisfied, would be futile if attempted, and/or have been waived.

28. Plaintiff has retained the law firm of Pincus & Currier LLP to represent its interests in this matter and has obligated itself to pay reasonable attorneys' fees therefor, which fees are recoverable against Defendant pursuant to Tx Civ Prac & Rem § 37.009 (providing that in any proceeding under the Texas Uniform Declaratory Judgments Act, § 37.001, et. seq., "the court may award costs and reasonable and necessary attorney's fees as are equitable and just.").

## COUNT I – DECLARATORY RELIEF

29. Plaintiff re-alleges and reaffirms paragraphs 1 through 28 as if fully set forth herein.

30. This is an action for a declaratory judgment under the Texas Uniform Declaratory Judgments Act, Tx Civ Prac & Rem 37.001, et. seq., regarding Defendant's actions against Plaintiff.

31. In the Notice, Panda declared that a Terminating Event occurred on December 8, 2020 and that, based on this, Plaintiff had given notice of its intent to withdraw from Panda and sell all of its interests therein. As such, Defendant is not recognizing Plaintiff as a member and Defendant has failed to provide Plaintiff with any distributions it has made since the Notice, including the December 10th Distribution and the Recent Distributions.

32. However, as set forth herein, Plaintiff disputes Defendant's assertion that a Terminating Event occurred, thus Plaintiff maintains that it is still a member of Panda and entitled

to its pro rata share of all distributions Panda makes, including the December 10th Distribution, the Recent Distributions and all distributions in the future.

33. Plaintiff seeks a declaratory judgment that: (a) no Terminating Event occurred as to Timil; (b) Timil is still a member of Panda; and (c) Timil is entitled to the December 10th Distribution, its pro rata share of the Recent Distributions, and its pro rata share of all future distributions Panda makes, so long as Timil remains a member thereof.

34. Plaintiff is unsure of its rights under Texas law and the Agreement, including specifically whether a Terminating Event occurred, whether Timil is still a member of Panda, whether Timil is entitled to the December 10th Distribution, its share of the Recent Distributions, and its pro rata share of all future distributions Panda makes, so long as Timil remains a member of Panda.

35. Plaintiff asks this Court to construe Texas law and the Agreement to determine whether a Terminating Event occurred, whether Timil is a member of Panda, and whether Timil is entitled to the December 10th Distribution and its share of the Recent Distributions, along with future distributions from Panda.

36. There is a bona fide, actual, present practical need for the declaration sought herein.

37. The declaration sought deals with a present, ascertained state of facts or present controversy as to a state of facts.

38. Timil's rights and interests in Panda, including its right to the December 10th Distribution, Recent Distributions, and future distributions, are dependent upon the facts set forth herein and the law applicable to those facts.

39. The antagonistic and adverse interests are all before the Court by proper process.

40. The relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity.

WHEREFORE, Plaintiff TIMIL ON, LLC respectfully requests this Court enter a final judgment in its favor and against Defendant PANDA CONSERVATION GROUP, LLC declaring that (a) no Terminating Event occurred on December 8, 2020 as to Timil; (b) Timil is still a member of Panda; (c) Timil is entitled to receive the December 10th Distribution, in the amount of Six Hundred and Eighty-Eight Thousand Dollars ($688,000.00) from Panda; (d) Timil is entitled to receive its pro rata share of the Recent Distributions, along with all future distributions Panda makes for so long as Timil remains a member of Panda; and e) awarding Timil its reasonable attorneys' fees and taxable costs.

## COUNT II – BREACH OF CONTRACT

41. Plaintiff re-alleges and reaffirms paragraphs 1 through 27 as if fully set forth herein.

42. This is an action for breach of the Agreement.

43. Pursuant to the Agreement and the Update, Timil is a member of Panda. The Agreement provides that members can only be involuntarily withdrawn if any of three specified Terminating Events occur: the member neglects its duties to Panda as expressly set forth in the Agreement and causes material harm to Panda; the member engages in fraud or dishonesty as expressly set forth in the Agreement and causes material harm to Panda; or the member breached the non-solicitation provision of the Agreement. See Agreement, Ex. B.

44. Timil did not neglect any duties to Panda, engage in fraud or dishonesty that harmed Panda or breach the non-solicitation provision of the Agreement.

45. Despite this, on December 21, 2020, Panda sent Timil the Notice and declared that a Terminating Event had occurred on December 8, 2020. In do so, Panda improperly declared a

Terminating Event and wrongfully purported to involuntarily withdraw Timil from Panda. Since the Notice, Panda has failed to recognize Timil as a member.

46. This wrongful declaration of a Terminating Event, purported withdrawal of Timil and subsequent failure to recognize Timil as a member constitutes a breach of the Agreement.

47. The Agreement also provides that each of Panda's members is entitled to its pro rata share of distributions. See Agreement, §§ 6.1 – 6.3.

48. Panda made a distribution to its members on or about December 10, 2020 but failed to provide Timil with its pro rata share thereof, i.e., the December 10th Distribution.

49. As a member of Panda, Timil is entitled to the December 10th Distribution in the amount of Six Hundred and Eighty-Eight Thousand Dollars ($688,000.00).

50. Upon information and belief, Defendant has also made at least two (2) additional distributions to its members, but has failed to provide Timil with its pro rata share of same, i.e., the Recent Distributions.

51. As a member of Panda, Timil is entitled to its pro rata share, i.e., 24.67%, of any distributions Panda makes.

52. Defendant breached the Agreement by failing to pay Timil the December 10th Distribution and its pro rata share of the Recent Distributions.

53. Plaintiff has suffered damages as a result of Panda's breaches of the Agreement.

WHEREFORE, Plaintiff TIMIL ON, LLC respectfully requests this Court enter a final judgment in its favor and against Defendant PANDA CONSERVATION GROUP, LLC awarding Plaintiff compensatory damages in an amount in excess of $688,000.00, plus pre- and post-judgment interest and costs, and granting any such other and further relief that this Court deems just and equitable.

Dated this 10th day of March 2021.

                                                Respectfully submitted,

                                                By: /s/ William H. Pincus
                                                         Florida Bar No.: 65595
                                                By: /s/ Raymond E. Kramer III
                                                         Florida Bar No.: 988480
                                                Pincus & Currier LLP
                                                1555 Palm Beach Lakes Blvd., Suite 320
                                                West Palm Beach, FL 33401
                                                561-868-1340
                                                bpincus@pincusandcurrier.com
                                                rkramer@pincusandcurrier.com
                                                dmccall@pincusandcurrier.com